WARD WALDROP v. THE STATE.

No. 17572.  Delivered May 22, 1935.
Rehearing Denied June 5, 1935.
Appellant's Application for Leave to File Second Motion for Rehearing Denied June 26, 1935.

The opinion states the case.

*T. T. Crosson* and *Petty & Sessions,* all of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

This case is appealed apparently upon two propositions: First, that the State's attorney did not make and file in the papers in this case his written consent to and approval of the waiver of the accused of his right of trial by jury; second, that appellant had executed and filed his application for a suspended sentence before his plea of guilty was made in person, as required by statute,—in which application appeared the statement "Wherefore, he prays that the issues of the suspension of his sentence be submitted to the jury herein; that evidence of his said reputation be admitted in evidence."

We have examined the record with special interest since the matters pertaining to a plea of guilty before the court are compartively new, the law relative thereto being found in Chap. 43, Acts Regular Session, 42nd Legislature, at page 65.

For some reason, not set out, the legislature directed that the consent and approval of the duly elected and acting attorney for the State to such waiver must be in writing, duly signed by said attorney and filed in the papers of said cause before the defendant enters his plea of guilty. In the judgment of the trial court in the case before us, duly recorded in the criminal minutes of the district court, we find the following recital: "Whereas such consent and approval, of the duly elected and acting attorney representing the State, in writing duly signed by said attorney, was filed in the papers in said cause before the defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed," etc.

Appellant has but one bill of exceptions,—which appears to be more in the nature of a motion for new trial,—complaining that appellant had asked for a suspended sentence, and that on his trial he offered testimony that he had never before been convicted of a felony, and also of his previous good reputation as a law-abiding citizen,—neither proposition being combated by testimony, but the court had refused to grant him a suspended sentence. This we think the court had the right to do in the exercise of his own judgment in the matter; nor do we agree with appellant's proposition as contained only in his brief, that because in his application for suspended sentence he asked that the matter be submitted to the jury,—he could not thereafter enter his plea of guilty before the court and submit the issue of his punishment,—which included the suspension of sentence,—to the judge.

This court can not consider the unattached affidavit made by one of appellant's attorneys, which for some reason was put into this record. There appears no motion for a new trial wherein issue was joined between the State and appellant as to whether the written approval and consent of the State's attorney to the waiver mentioned was filed. In the absence of any legal controversy over this issue, which would have to be supported by proof to the contrary upon the hearing before the trial judge, we would hold ourselves bound by the recitals of the judgment.

As we understand the record before us, the said State's attorney, whose duty it was to sign and file his consent and approval in writing to the waiver, was never called before the court to affirm or deny his compliance with the law. The judgment recites that this written consent and approval had been

filed. There is nothing before us legally combating the recitals of the judgment.

No error, appearing, the judgment will be affrmed.

*Affirmed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The bill of exception upon which appellant relies to exhibit error contains the following recital. "That the duly elected and acting attorney representing the State in said cause did not before such defendant entered his plea of guilty in said cause file in the papers of the cause any written consent and approval, or any kind of instrument in writing, duly signed by said attorney so representing the State in said cause, that such attorney consented and approved that defendant might waive a trial by jury upon such plea of guilty and be tried by the court without a jury."

The bill bears the following endorsement. "The above bill is approved only with the following explanation and modification, to-wit: The defendant and his attorney together with the district attorney in open court represented that they each and all desired to waive a jury and try the case before the court, and that the required papers had been signed. The cause was tried with all parties and attorneys participating and the presentation of this bill on November 23rd was the first intimation the court ever had of any claimed irregularity. The court cannot certify that the required written consent to waiving jury and trying to the court was filed or was not filed. I understand no such paper is now found among the filed papers in the case but I cannot certify whether it was filed and has been lost, misplaced, or destroyed, or was never filed."

The foregoing qualification is authenticated by the signature of the trial judge. Immediately following is a notation that the qualification was excepted to, but such notation is signed only by the attorneys for appellant. It has been held many times that an exception of this character must be authenticated by the trial judge before it would be binding on this court. In Kerr v. State, No. 17,486, opinion on rehearing May 29, 1935 (128 Texas Crim. Rep., 612), a number of cases are cited. See also Wills v. State, 77 S. W. (2d) 875, for reference to other authorities. The bill before us must be considered in connection with the qualification, disregarding the attempted reservation of exception thereto. The record could have been made

clear by appellant upon the issue of whether the district attorney had filed written consent and approval for appellant to enter his plea of guilty before the jury. In the condition of the record the recitals in the judgment will be regarded as binding and as stating the facts.

The motion for rehearing is overruled.

*Overruled.*

## ON APPELLANT'S APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant insists that we erred in the original opinion and that on motion for rehearing in holding that the recitals in the judgment set forth in said opinions were binding upon this court. The opinion is expressed that a correct conclusion was reached. We quote from Hickman v. State, 247 S. W., 518, as follows: "Second motions for rehearing will not be considered by this court, nor leave granted to file the same, unless there be a sufficient showing in such application of the fact that in its original opinion, or opinion upon the motion for rehearing, the court has omitted to consider some matter, which, from the statement thereof in such application, is made to appear to this court so vital to the proper disposition of the case as to lead us to conclude that we erred in failing to consider same, or else such application must present such facts, arguments, or citations in reference to some matter decided in the original opinion or that upon rehearing, as will lead this court from an examination of the application to conclude that our decision in such regard was so far wrong as that its correction would entitle the appellant to a second rehearing."

Applying the foregoing rule to the instant case, we are constrained to deny the application.

The application for leave to file a second motion for rehearing is denied.

*Denied.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.