H. T. SHAVER V. STATE.

No. 24868. October 4, 1950.
Rehearing Denied January 3, 1951.
Appellant's Application to Have Second Motion
for Rehearing Considered Denied (Without
Written Opinion) January 17, 1951.

*Earl C. Wellborn,* Henderson, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder, with an indictment alleging former convictions, and a life sentence in the penitentiary.

The record brings twelve bills of exception which have been thoroughly briefed by appellant's attorney.

The appellant was living in a hotel in Henderson, where he and his wife had registered under the name of Hargroves. He was working at a service station and his wife worked at another place of business. The record justifies the conclusion that the couple were having domestic difficulties of some kind, which resulted in appellant arming himself. On the day of the shooting he bought a pistol at one store and cartridges at another. Whatever took place between appellant and his wife prior to

the incident supporting the charge is immaterial. They were going toward the jail and the wife was crying. The sheriff's office was notified of their approach and two of the deputies met them. As they did so, the woman ran behind the deputies and said to them, "He has got a gun," referring to appellant. Appellant started to leave and, as he did so, Officer Pool put his hand on his shoulder. Whether to arrest him or not is not definitely stated. Appellant jerked loose, turned and shot. One bullet struck the officer in the lower part of the abdomen, where it was lodged. A struggle followed which resulted in disarming appellant after he had fired three shots. He was then taken into custody. The wound inflicted on the officer was serious and resulted in his confinement in the hospital for several days, where he was given blood transfusions, and was under treatment for some time thereafter. The doctor testified that he will probably never recover fully from this wound.

Bill of Exception No. 1 complains of the failure of the court to quash the indictment because it did not contain the word "assault." The action of the court was proper. See Branch's Ann. Penal Code, Sec. 1616, p. 945.

Bill No. 2 complains that he was put to trial under the present indictment while a prior indictment was pending for the same offense. It appears that the second indictment contains the allegations of former convictions, while the prior indictment did not. The state had a right to proceed as it did.

Several bills of exception in the record complain of admission of testimony in which the objections to the testimony gave their reasons for such objections, but as drawn the bills do not certify that such facts existed. Distinguishment must be made between a bill which gives the reasons for the objection and one which states the truth of the facts on which the objection is based. The bills now before us state the reasons, but there is no certificate of the court saying that those reasons were based on facts of the case. A bill of exception is insufficient and presents nothing for review when it complains of the admission of testimony but does not show as a fact that the grounds of the objections are true. This disposes of nearly all of the other bills of exception found in this record.

Bills of Exception Numbers 6 and 7 complain of the court's charge. Overlooking the defects of the bills, we have considered the objections as we find them in the record and are of the

opinion that the court has submitted the law, in his main charge, applicable to the issues raised by the evidence.

Bill of Exception No. 8 complain of two different remarks made by the assistant county attorney, in the closing argument for the state. The bill does not certify that the argument complained of was not in reply to appellant's counsel and not invited by his argument. The bill is drawn in a very unusual manner and without full consideration it would appear that counsel intended to have the bill so certify, but it comes to us in this manner: Appellant made his objection and stated as a reason that "such remarks were not invited by any words, acts, or gesture of the defendant's counsel, and were highly inflammatory" etc. The bill then states that the court overruled the objection and declined to instruct the jury to not consider the remarks of the assistant county attorney. This language cannot be construed as approving the reasons stated in the objection. Whatever counsel intended to put in the record cannot be considered by us. We must take the language as it appears in the record before us. In the instant case it is plainly stated that the court does not approve that statement. The bill, therefore, falls under the rules.

Bill of Exception No. 9 complains that when the jury came into the court room and announced that they had reached a verdict the trial court inspcted the same, refused to receive it, and sent the jury back to the room with the instruction: "Gentlemen, you should read Paragraph 14. You have made findings but they are not definite." The bill attempts to complain because appellant was not permitted to see the jury's verdict. The bill then states that in his motion for a new trial he raised the issue, alleging that he had been denied a substantial right.

As we construe the bill, complaint was first made in a motion for a new trial and there is no indication that any steps were taken at the time of the occurrence. Furthermore, the bill does not show what possible harm occurred to appellant by reason of th fact that the court failed to receive the jury's verdict.

Section 14 of the court's charge reads as follows: "If you should find the defendant guilty of assault with intent to murder Homer Pool, so say. If you find the defendant has heretofore been convicted of the offense of felony theft of corporeal personal property over the value of $50.00 in the Criminal District Court of Dallas County, Texas, in cause No. 2887-BA so say in your verdict. If you find the defendant has heretofore

been convicted of felony theft of corporeal personal property of the value of $50.00 or over in Cause No. 447-B in Criminal District Court No. 2, Dallas County, Texas, so say in your verdict. If you find the defendant not guilty simply say so. Let your verdict be in writing and signed by one of your number as foreman." An examination of the foregoing section of the court's charge does not aid us in understanding the objection which appellant attempts to bring.

Bills of Exception Numbers 10, 11 and 12 have been examined by us and are without merit.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in reaching the conclusion that Bill of Exception No. 9 does not reflect reversible error.

The aforementioned bill is sufficiently described in our original opinion. In addition to what was there said, attention is called to the fact that the record does not reflect that either appellant or his counsel made any request to see the verdict which the trial judge refused to accept. Nor does appellant appear to have registered at the time any objection to the procedure. If he had any objection or if he desired to examine the proffered verdict, he should have advised the trial court. Not having done so, he occupies the position of having waived any objection he might have had.

At appellant's insistence, we have again reviewed the entire record, and remain convinced that reversible error is not reflected.

The motion for rehearing is overruled.

Opinion approved by the court.