## ARTHUR BROWN V. STATE

No. 25555. December 5, 1951.
Rehearing Denied January 23, 1952.
Appellant's Second Motion for Rehearing Denied (Without Written
Opinion) February 13, 1952.

Hon. Ernest Belcher, Judge Presiding.

*V. K. Wedgworth,* Mineral Wells, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for sodomy; the punishment, 4 years in the penitentiary.

Appellant moved to quash the indictment, contending that the count which was submitted to the jury failed to allege that appellant had carnal copulation with the injured female.

The indictment alleges that appellant did place his sexual organ in the anus of the female named for the purpose of having carnel copulation with her. Such allegation is deemed sufficient to charge that appellant had such carnal copulation with the female in an opening of her body other than her sexual parts as denounced by the sodomy statute, Art. 524, Vernon's Ann. P.C. See James v. State, 61 Tex. Cr. R. 232, 134 S.W. 699.

If we understand appellant's further contention, it appears that he is under the impression that since he has never before

been convicted of a felony, he was entitled to have his sentence suspended.

The issue of suspension of sentence was submitted to the jury. They made no finding on whether or not appellant had been previously convicted, but in their verdict said, "we recommend that his sentence be not suspended."

The trial judge was requested to complete the verdict by a finding from the undisputed evidence that he had never before been convicted of a felony. This request was properly refused.

The question whether or not the sentence should be suspended was for the jury, who in their discretion refused to recommend a suspension.

In the absence of a recommendation from the jury, the trial court was without authority to suspend sentence on the judgment rendered on their verdict. See cases cited in Tex. Dig., Criminal Law Key 982(g).

The sentence appearing in the transcript fails to give effect to the indeterminate sentence law. It is now reformed so as to read for a term of not less than 2 years nor more than 4 years in the penitentiary.

As so reformed, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

Appellant contends that we were in error in our original opinion herein in that Article 776, C.C.P., provides that in every instance where the accused has never before been convicted of a felony in this or any other state, it becomes the duty of the court, in the event of the punishment not being over five years for certain offenses, to accord the accused the privilege of having his sentence suspended by the judge trying the case and that it is not necessary to have a verdict of the jury suspending such sentence.

In the first place, we find no statement of facts in the instant case and are unable to tell just what the facts are. How-

ever, we do find an instrument denominated "Defendant's Requested Testimony," which evidences that upon the hearing of the motion for a new trial approximately a month and twelve days after the trial was had, the appellant requested, for the purpose of this appeal, that only the following testimony be presented to this court:

"Arthur Lee Brown (defendant), testifying in his own behalf, having first been duly sworn upon oath, testified as follows:

"My name is Arthur Lee Brown. I am the defendant in this case. I have never been convicted of a felony, or anything to send me to the penitentiary, in this state or any other state. I have been convicted in minor law violations a time or two, but that is all."

The above is all the testimony that is brought forward to this court.

It has always been the holding of this court, ever since the passage of the Suspended Sentence Law, that it was dependent upon the verdict of the jury before the suspension of sentence could be entered by the judge, and that same could not be suspended unless so recommended. That holding has not been challenged within our knowledge until the present time. The legislature has met time after time, has amended this law and changed it in some respects, but has never changed it in the respects set out in Article 776, supra. To now hold that the judge has power to suspend the sentence in a trial before a jury without their recommendation would be to upset a long line of decisions that this court has rendered throughout the years as their understanding as to what Article 776 and the related articles mean relative to the suspension of sentence upon conviction. Numerous legislatures have failed to offer any statute correcting such construction of this statute, and we see no reason why we should depart from this line of holdings.

Deeming the proper disposition of this case to have been made on the original submission, the motion for rehearing is overruled.