## LOYD WHITEHEAD V. STATE

No. 27,512. April 6, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) May 25, 1955

*V. K. Wedgeworth,* Mineral Wells, for appellant.

*Sam Cleveland,* District Attorney, Stephenville, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Three indictments were returned by the grand jury of Palo Pinto County, Texas, alleging the theft of copper wire by appellant from L. E. Brock.

In Cause No. 5315 the indictment alleged theft of two rolls on or about August 15, 1954, and the indictment in Cause No. 5317 alleged the theft of three rolls on or about August 6, 1954.

By agreement the three cases were jointly tried before the same jury, the trial resulting in a verdict of guilty in the two causes mentioned and a verdict of not guilty in Cause No. 5316, the indictment in which cause is not shown in the record.

The jury assessed a two-year term in each cause, and there was no effort made to cumulate the terms in the sentence.

Appellant in his brief admits that the evidence shows his guilt of the offense of receiving the wire, knowing it to be stolen property, and in fact he testified that he was guilty of that offense and ready to so plead, but was not guilty of theft, the offense charged.

In his brief he advances the theory that after serving the sentences here imposed, he would be subject to further prosecution for receiving the wire knowing it to be stolen. We have no doubt that a conviction for theft of the wire would preclude the possibility of his being convicted for receiving or concealing the same wire for the theft of which he had served a sentence.

We further direct appellant's attention to the provision of Art. 74 P.C. under which a double punishment is provided for the offense of being an accomplice to a felony where the principal is under 17 years of age at the time of the offense, and to the provisions of Art. 774 C.C.P. which provide for cumulated sentences.

We say this because he should know that an appellant may abandon an appeal and that a reversal may eventually work to his detriment.

L. E. Brock, distribution superintendent for Texas Power and Light Company, was put in possession of eight rolls of new wire, weighing over 250 pounds each. The wire was placed in an enclosure surrounded by a seven foot fence in the 200 Block of Southeast 7th Street in Mineral Wells, Palo Pinto County,

Texas. Seven of the eight rolls of wire were stolen from the enclosure, the last two stolen being removed on the night of August 15, 1954, after midnight, and five rolls prior to that time.

The seven missing rolls were shown to have a value of 38.56 cents per pound, amounting to $794.58 at wholesale.

Appellant, testifying in his own behalf, stated that he was guilty of the offense of having received the wire knowing it to have been stolen, but denied that he participated in the original taking thereof.

He testified that he loaned his car to his 16-year-old brother on three occasions, and each night after wire had been loaded in the car he joined his brother in burning the wire so as to make it appear to be old, and that together they transported the wire in his car to Ft. Worth where it was sold and the money divided. He claimed to have slept during the absence of his brother at the time the wire was originally taken.

Appellant's confession made to Sheriff Fred Foreman on August 20, 1954, was offered in evidence by the state and reads in part:

"My name is Loyd Whitehead. I live in Mineral Wells, Texas. I wish to state further in regard to the wire that was taken from the Texas Power and Light Company of Mineral Wells, Texas, this wire was taken by me and my brother Gene Whitehead out west of Mineral Wells and north of the bridge that crosses the river on Highway 180, I think it must have been four or five miles from where you turn off the highway on top of the hill before you get to the river bridge to where we unloaded the wire out of my car and we burned the wire with a brush fire.

"We took the wire out on the same road to burn it but we did not go to same place each time. There *was* three different times that we took wire out to the river and burned it the last time I remember was last Sunday night August 15th. After we had burned the wire we loaded it back into the car and took it to Ft. Worth where we sold it. We burned the wire so it would look like it had been through a fire and not new wire."

Also the state offered in evidence a confession made by appellant on August 16, 1954, to the district attorney, Sam Cleveland, witnessed by the sheriff and others. This confession

corresponds in every respect with the testimony of appellant at the trial, except that in his testimony appellant denied that he knew that his brother was going to steal some more copper wire when he permitted him to take the car the third time.

The jury was not bound to accept appellant's testimony as a witness in his own behalf as true, and the confession made to the sheriff in no way suggests that appellant was not present at the commission of the offense, and raises no issue as to his being guilty as an accomplice to the theft or of the offense of receiving stolen property rather than the offense of theft.

The court's charge authorized appellant's conviction as a principal upon the theory that he engaged in procuring aid or assistance in the commission of the theft while others were executing the theft; or endeavored at the time of the offense to secure the safety or concealment of the offender, or acted alone or together with others in the taking.

Whether appellant's guilt as a principal is shown under the theory that he entered into an agreement or conspiracy to commit theft, his part being to make disposition of the stolen property and divide the proceeds, need not be decided.

Appellant also testified that he did not agree to the theft; that he was not present at the original taking of the wire, and entered into no agreement whereby he was to dispose of the wire and divide the proceeds.

The defensive theory raised by the testimony of appellant, and by the confession made to the district attorney, should have been submitted to the jury.

If appellant was not present at the original taking of the wire, and had entered into no agreement in regard thereto, and if, as he testified, he did not know that an offense was to be committed until the wire had been appropriated by his 16-year-old brother and loaded in his car, he would not be guilty of the offense charged though he received the wire and, knowing it was stolen, assisted in disposing of it and received a part of the proceeds.

Appellant's requested charge was sufficient to call the omission to the attention of the trial court and he has not seen fit to waive the failure of the charge to submit his affirmative defense.

For the error in the charge, the judgment is reversed and the causes are remanded.

MORRISON, Presiding Judge, concurring.

I agree to the reversal of this conviction because I believe that the confession made to the district attorney (not the one set forth in the majority opinion) and introduced by the state makes the appellant guilty as an accomplice to the crime of theft committed by his brother and not guilty of theft. Cook v. State, 14 Texas App. 96, and Schwartz v. State, 158 Texas Cr. Rep. 171, 246 S.W. 2d 174, affirmed 344 U.S. 193, 97 L. Ed. 23.