## LOYD WHITEHEAD V. STATE

No. 27,944. January 25, 1956.

Appellant's Motion for Rehearing Denied (Without
Written Opinion) February 29, 1956.

*V. K. Wedgworth,* Mineral Wells, for appellant.

*Sam Cleveland,* District Attorney, Stephenville, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The indictment herein alleged in separate counts the offenses of theft, receiving and concealing stolen property, and accomplice to theft of the value of over fifty dollars.

The conviction was for accomplice to the theft of the value of over fifty dollars; the punishment, five years in the penitentiary.

Upon a former appeal under another indictment charging felony theft only, the case was reversed as shown in Whitehead v. State, 161 Tex. Cr. R. 573, 278 S. W. 2d 858.

The facts set out in the former opinion are substantially the

same as those upon the trial of this case except that here the state offered that portion of the written confession of Gene Whitehead which stated that he stole the two rolls of wire in question.

We find the evidence sufficient to support the conviction.

Appellant insists that the court erred in overruling his plea of former jeopardy on the ground that his previous conviction which was on a single count indictment for felony theft was reversed on appeal, 161 Tex Cr. Rep. 573, 278 S. W. 2d 858, and a new indictment returned charging the same transaction in separate counts of felony theft, receiving and concealing stolen property, and accomplice to the offense of felony theft, and at the time this case was called for trial the indictment in the case, which was reversed, was dismissed. Both indictments were returned into the same court and never transferred.

Th pendency of one indictment does not prevent the grand jury from returning subsequent indictments charging the same transaction. Stovall v. State, 97 Tex. Cr. R. 71, 260 S. W. 177. The reversal awarded appellant a new trial, and he could then be tried on the original indictment or on the new indictment. The law against double jeopardy is not offended in the present conviction. Arts. 759 and 852, Vernon's Ann. C. C. P.; Harvey v. State, 64 S. W. 1039; Shaver v. State, 155 Tex. Cr. R. 395, 234 S. W. 2d 863.

Appellant contends that the court erred in admitting, over his objection that it was hearsay, the portion of Gene Whitehead's written confession where he stated that he stole the two rolls of wire here in question.

The court submitted three of the counts in the indictment to the jury, one of which charged receiving and concealing stolen property. The statement in Gene Whitehead's confession that he was the original taker of the wire was admissible on the question of proving the theft. Mehlman v. State, 92 Tex. Cr. R. 455, 244 S. W. 523; Whitehead v. State, 134 Tex. Cr. R. 579, 116 S. W. 2d 703.

Appellant's exception to the court's charge was directed to that portion which submitted the offense of theft. Such exception need not be considered as he was acquitted of this offense.

Appellant contends that the question of whether or not his

sentence should have been suspended was for the court instead of the jury. The trial court has no authority to suspend a sentence unless the same is recommended by the jury. Brown v. State, 156 Tex. Cr. R. 652, 245 S. W. 2d 497.

Finding no reversible error, the judgment of the trial court is affirmed.

The opinion approved by the court.