which my brethren hold amply sufficient to show his guilt.

If that be the law—and my brethren say that it is—then the right of trial by jury in this state no longer exists and our Constitution, art. 1, § 15, Vernon's Ann.St., which says that the right of trial by jury can not be abolished, is destroyed and no longer exists.

I respectfully dissent.

**Joe L. MACALUSO, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 30216.

Court of Criminal Appeals of Texas.

Dec. 10, 1958.

Rehearing Denied Jan. 14, 1959.

Cesare J. Galli, Jr., Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is burglary; the punishment, two years.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

WOODLEY, Judge.

Counsel for appellant filed a brief upon original submission and incorporates its contents in a motion for rehearing. He takes the position that he brought himself reasonably within the terms of the suspended sentence law, art. 776, Vernon's Ann. C.C.P. et seq., and has been deprived of a substantial right because his application for suspended sentence was denied by the jury and by the court.

The question presented was answered in Brown v. State, 156 Tex.Cr.R. 652, 245 S.W.2d 497, and in Whitehead v. State, 162 Tex.Cr.R. 507, 286 S.W.2d 947, wherein we held that the trial court is without authority to suspend a sentence where the jury has failed to recommend that it be suspended.

Appellant's motion for rehearing is overruled.