**B. R. SHEFFIELD, Appellant,**

v.

**Ernest BROOKS, Sheriff of Hill County, Texas, et al., Appellees.**

**No. 21170.**

United States Court of Appeals Fifth Circuit.

Aug. 31, 1964.

Rehearing Denied Oct. 6, 1964.

John D. Cofer, Austin, Tex., William B. Martin, Hillsboro, Tex., Ben Geeslin, Brady, Tex., Cofer, Cofer & Hearne, Austin, Tex., for appellant.

Gilbert J. Pena, Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Leon B. Douglas, State's Atty., Austin, Tex., Waggoner Carr, Atty. Gen. of Texas, Austin, Tex., for appellees.

Before BROWN, MOORE* and GEWIN, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from an order of the United States District Court for the Western District of Texas which denied, after a hearing, a writ of habeas corpus. A certificate of probable cause has been granted. Appellant was convicted after a jury trial in the District Court of Hill County, Texas, for the offense of uttering and passing a forged instrument in writing relating to and affecting title to land. On appeal to the Texas Court of Criminal Appeals, the conviction was affirmed, rehearings were twice denied, and the Supreme Court denied *certiorari*. Sheffield v. State, 371 S.W.2d 49 (Tex.Crim.App. 1962), cert. denied, 375 U.S. 833, 84 S.Ct. 45, 11 L.Ed.2d 63 (1963). On a previous appeal, appellant's conviction had been reversed. Sheffield v. State, 165 Tex.Cr. R. 354, 307 S.W.2d 100 (1959).

Appellant had been indicted on two counts under Chapter 2 of Title 14 of the Texas Penal Code. The first count charg-

* Of the Second Circuit, sitting by designation.

ed appellant with forgery in that he aided and abetted and procured the forgery of an acknowledgment of an instrument relating to land by a notary public, Doris Sayles, in violation of Article 1007, Texas Penal Code.[1] This charge was not submitted to the jury. Count two, on which the conviction was obtained, charged that appellant, with intent to defraud, knowingly uttered and passed this forged acknowledgment to the Texas Veterans' Land Board, in violation of Article 1008, Texas Penal Code.[2] In his petition for habeas corpus, appellant claimed a denial of due process, (1) in that the Texas Court of Criminal Appeals affirmed his conviction for uttering and passing by finding him guilty of forging the instrument allegedly uttered and passed, an offense for which he had not been convicted; (2) that the holding of the Texas Court of Criminal Appeals finding him guilty of forging the acknowledgment exposed him to double jeopardy since the forgery count of the indictment had been withdrawn from the jury and, (3) that the Texas trial court refused to hear evidence on his application for adult probation after conviction. We find no merit in these points and, therefore, affirm the denial of the writ.

■ At the heart of the first two points is appellant's insistence that the Court of Criminal Appeals affirmed his conviction not for uttering and passing but for forgery, a crime of which he had been twice acquitted. Appellant's principal contention on appeal to the Texas court was that the evidence was insufficient to show that the acknowledgment had been "falsely made" or that it had been made with fraudulent intent by Miss Sayles, the notary. The court reviewed the evidence and found that the acknowledgment had been falsely made, but held that Article 1007 "does not require any intent to defraud upon the part of the notary making a false certificate to an acknowledgment. We think the wilful making of a false acknowledgment is a forgery under the terms of the article." 371 S.W.2d at 52. On appellant's motion for rehearing, it was again argued that the evidence was insufficient to show that the notary had any fraudulent intent. However, the court responded:

"In addition to the disposition made of this contention in the original opinion, it is further concluded that without regard to whether Doris Sayles innocently, or while acting as a principal, certified that Mireles

1. Article 1007. "False certificate by officers
"If any person authorized by law to take the proof of acknowledgment of any instrument, document or paper whatsoever, affecting or relating to the title of lands in this State, wilfully and falsely certify that such proof or acknowledgment was duly made, or if any person fraudulently affixes a fictitious or pretended signature purporting to be that of an officer or any other person, though such person never was an officer or never existed, he shall be deemed guilty of forgery and punished as provided in article 1006 of this chapter."

2. Article 1008. "Knowingly uttering forged instruments
"Every person who knowingly utters, publishes, passes, or uses, or who in any way aids, assists in or advises the uttering, publishing, passing or using as true and genuine any false, forged, altered, or counterfeited * * * acknowledgment or proof for record or

certificate of record belonging to or pertaining to any instrument or paper, or any evidence of any right, title or claim of any character whatsoever * * * in any way relating to, or having any connection with land, or any interest in land in this State, with the intent mentioned in article 1006 of this chapter, or with any other fraudulent intent whatsoever, shall be deemed guilty and be punished in like manner as is provided in article 1006 of this chapter. And the filing or causing or directing to be filed, or causing or directing to be recorded, in the General Land Office of the State, or in any office of record or in any court in this State, or the sending through the mails or by express, or in any other way, for the purpose of filing of record of any such false, altered, forged or counterfeited matter, documents, conveyances, papers, or things, knowing the same to be false, altered, forged or counterfeited, shall be an uttering, publishing and using within the meaning of this article."

appeared before her as a notary, the evidence is sufficient to warrant the finding that the appellant had the intent to defraud and was a principal in the commission of the offense charged."

While the last quoted language is not altogether free of difficulty, we do not agree that it warrants the conclusion that the court was affirming on a finding that appellant was guilty of forgery. In its opinion on rehearing, the Texas Court did not alter the explicit holding of the original decision that Article 1007 does not require an intent to defraud and that Doris Sayles was guilty of wilfully and falsely forging the acknowledgment in question. Since we hold that appellant's conviction for passing and uttering was properly affirmed, we need not reach his claim of double jeopardy.

▮▮▮ After the jury imposed sentence upon appellant, he filed an application with the trial court for probation and suspension of sentence pursuant to Article 781d of the Texas Code of Criminal Procedure. The Trial Judge "considered said application and the argument of counsel." The lengthy application reviewed in detail the pre-trial negotiations between the State's Attorney and defense attorney wherein appellant had sought unsuccessfully to enter a plea of nolo contendere in exchange for the State's Attorney's recommendation of probation and a fine. The application also averred, among other things, that appellant was in poor health, enjoyed a splendid reputation as a law-abiding citizen, had never been convicted of a felony before, was a self-employed family man and that he would not be a burden upon the public if he were granted probation. The trial judge, however, refused to hear evidence in support of the allegations in this application, reasoning "that it was not an abuse of judicial discretion to refuse to consider probation or any other additional evidence or testimony thereon, having heard all the testimony [adduced at trial] * * *." As appellant recognizes, the granting or denial of probation in Texas is entirely discretionary. See,

e. g., Roy v. State, 167 Tex.Cr.R. 307, 319 S.W.2d 705 (1958). His argument on this point does not raise a substantial federal question.

Affirmed. Bail heretofore granted pending appeal shall automatically terminate on the effective date of our order, issued pursuant to this opinion.

On Petition for Rehearing

PER CURIAM:

It is ordered that the Petition for Rehearing filed in the above entitled and numbered cause be, and the same is, hereby DENIED, but the Order of Judge Brown of December 13, 1963, allowing bail pending appeal is continued in effect for thirty days pending the filing of a petition for certiorari with the United States Supreme Court on or before such time and to continue thereafter until the final Order of the Supreme Court therein.