Richard **MARTIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42709.

Court of Criminal Appeals of Texas.

March 25, 1970.

Edmund P. Williams, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for burglary with punishment assessed at five years by the court following a verdict of guilty.

■ In his first ground of error appellant complains the trial court erred in assessing punishment rather than permitting the jury to do so.

Appellant relies upon the provisions of Article 37.07, Vernon's Ann.C.C.P. and his sworn motion in writing for probation. Such motion, filed on the day trial began, January 28, 1969, reads in part as follows:

"The Defendant herein represents that he has never been convicted of a Felony in this or any other state, and asks the court to submit to the Jury this application for a Probated Sentence."

Article 37.07, Sec. 2(b), supra, reads as follows:

"If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in capital cases where the state has made it known in writing prior to trial that it will seek the death penalty, (2) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

See also Article 42.12, subd. B, Sec. 3a, V.A.C.C.P.

The record reflects, however, that on January 28, 1969, the appellant also made the following motion entitled "Election For Punishment," which reads:

"Comes now the defendant Richard Martin in the above entitled and numbered cause, and in open court with his counsel, Ed. P. Williams, and at the time of entering his plea in said cause in open court elects to have the ~~jury~~ court assess punishment."

Such motion signed by the appellant and his counsel was approved by the trial judge.

After the verdict of guilty there was no objection by the appellant to the discharge of the jurors, and no question concerning the right of the trial court to assess punishment was raised during the hearing on punishment nor in the motion for new trial. The question was raised for the first time in the appellate brief filed in the trial court. See Article 40.09, Sec. 9, V.A.C.C.P.

Article 1.14, V.A.C.C.P., provides in part as follows:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the state has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. * * *"

■ The constitutional right of trial by jury does not encompass the right to have the jury assess the punishment. Johnson v. State, Tex.Cr.App., 436 S.W.2d 906; Jones v. State, Tex.Cr.App., 416 S.W.2d 412 and authorities there cited.

Article 37.07, supra, provides that the judge shall assess punishment except in the three instances set forth in the statute. It further provides that the accused after a finding of guilty may, with consent of the State, change his "election of the one who assesses the punishment." If, in fact, the appellant did not actually request the judge to assess punishment by his "election of punishment" motion at the time he entered his plea, we hold, under the cir-

cumstances presented, he changed his election and waived the right to have the jury assess punishment. See Lamb v. State, Tex.Cr.App., 409 S.W.2d 418.

Ground of error #1 is overruled.

 In his next two grounds of error appellant complains of the trial court's action in causing him to interrogate the jury panel on voir dire examination "en masse with a request to hold up hands" rather than individually and in refusing to allow him to question the prospective jurors "about their occupation, education, religious affiliation, place of birth, marital status, despite objection of defendant."

The record is before us without the voir dire examination of the jury panel. Neither is the matter presented by a formal bill of exception nor by an agreed statement of facts. We are therefore without any basis for appraising such grounds of error. Appellant's counsel acknowledged in oral argument before this court that the voir dire examination was not taken by the court reporter. He does not contend that there was a request for the same or a denial of such request by the court. See Article 40.09, Sec. 4, V.A.C.C.P.

Grounds of error #2 and #3 are overruled.

 Lastly, appellant complains of the trial court's refusal to grant probation at the hearing on punishment. The question of whether an accused is entitled to probation, where the court assesses punishment, rests absolutely with the trial court's discretion under the guideposts of the statute and no authority exists for the accused to require such clemency. Redd v. State, Tex.Cr.App., 438 S.W.2d 565; Hall v. State, Tex.Cr.App., 418 S.W.2d 810; Watson v. State, Tex.Cr.App., 418 S.W.2d 822; Matthews v. State, Tex.Cr.App., 414 S.W.2d 938; Baker v. State, Tex.Cr.App., 209 S.W.2d 769; Wilson v. State, Tex.Cr.App., 240 S.W.2d 774; Ex parte Pittman, Tex.Cr.App., 248 S.W.2d 159; Escobar v. State, Tex.Cr.App., 282 S.W.2d 873; Roy v. State,

Tex.Cr.App., 319 S.W.2d 705; Stratmon v. State, Tex.Cr.App., 333 S.W.2d 135; Hudson v. State, Tex.Cr.App., 334 S.W.2d 446; McClane v. State, Tex.Cr.App., 343 S.W.2d 447, cert. den. 365 U.S. 816, 81 S.Ct. 698, 5 L.Ed.2d 695; Sheffield v. Brooks, 5 Cir., 336 F.2d 835, cert. den. 379 U.S. 969, 85 S.Ct. 666, 13 L.Ed.2d 562. See also Kerry v. State, Tex.Cr.App., 452 S.W.2d 480; Byrd v. State, 421 S.W.2d 915.

Ground of error #4 is overruled.

The judgment is affirmed.