**George MULLINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43919.**

Court of Criminal Appeals of Texas.

March 17, 1971.

William Drew Perkins, Lufkin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

---

**670**

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted on the 15th day of January, 1970, for the felony offense of hog theft. His punishment of five years was probated upon the recommendation of the jury.

On March 18, 1970, a motion to revoke probation was filed. It alleged that on March 15, 1970, appellant violated the laws of this State and the terms of his probation by driving a motor vehicle while intoxicated on a public road and by committing an aggravated asault upon a peace officer.

John Steed, a Texas Highway Patrolman, testified that he saw the appellant driving a pickup truck that was weaving. He stopped the truck and saw that appellant had on no shoes and that his clothes were wet. He further testified that appellant was unsteady on his feet and that he had an ordor of alcohol on his breath. He then placed appellant under arrest for driving while intoxicated. On the way to get a breath test, appellant became belligerent and had to be subdued and handcuffed. He was taken to the jail and he again became violent and attacked Highway Patrolman Evans.

The appellant testified that he had been fishing and drank two beers and while he was driving home, he was arrested. He also testified that he hit the highway patrolman about the arms and chest a time or two but this was done only after the desk clerk at the jail had nodded his approval after appellant requested permission to hit the patrolman.

There was sufficient evidence to show that the appellant committed an aggravated assault upon the highway patrolman and thus violated the conditions of his probation.

 In the only ground of error appellant contends that the court erred in revoking his probation because he was not afforded the proper supervision of the probation officer which would have prevented the revocation.

The record shows that appellant received a copy of the terms of probation. The appellant testified that he knew the requirements of his probation which were that he was "to go straight and stay away from liquor."

 The lack of supervision does not justify a violation of the law or the failure to live up to the terms of probation.

The court had sufficient evidence upon which to enter the order revoking probation. No abuse of discretion has been shown.

The judgment is affirmed.