

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 25, 1974

The Honorable Tom Bevill
District Attorney
Stephens County Courthouse
Room 206
Breckenridge, Texas 76024

Opinion No. H- 334

Re: Authority of District Court
to grant and revoke probation
absent appointment of "probation
officer."

Dear Mr. Bevill:

You have requested our opinion on whether a "probation clerk"
who does not meet the mimimum qualifications for appointment as "proba-
tion officer" as provided in Section 10 of Article 42.12, V. C. C. P., may
nevertheless perform some of the duties of probation officer in the 90th
District Court of Stephens County.

You also ask whether the district court may compel probationers to
pay the statutory probation service fee, order probationers to report monthly
to the probation "clerk," and revoke probation for violation of such conditions
of probation if the district court has not appointed a fully qualified probation
officer to assist the court.

Article 42.12, V. C. C. P., the Adult Probation and Parole Law,

defines a "probation officer" in Section 2(d) as a person,

> . . . duly appointed by one or more courts of record
> having original criminal jurisdiction, to supervise
> defendants placed on probation; or a person designated
> by such courts for such duties on a part-time basis; . . .

Section 10 sets minimum qualifications for persons who are eligible to be selected by appointment.  The relevant language in Section 10 is:

> . . . Only those persons who have successfully completed education in an accredited college or university and two years full time paid employment in responsible probation or correctional work with juveniles or adults, social welfare work, teaching or personnel work; or persons who are licensed attorneys with experience in criminal law; . . . shall be eligible for appointments as probation officers . . . . Provided, however, that in a county, having a population of less than 50,000, according to the last preceding Federal census, any person having completed at least two years education in an accredited college or university will be eligible for appointment. [emphasis added]

It is our opinion that some tasks normally performed by a probation officer may be performed by other probation personnel at the direction of the district judge.  Section 10 begins with the language:

> For the purpose of providing adequate probation services, the district judge or district judges having original jurisdiction of criminal actions in the county or counties, if applicable, are authorized, with the advice and consent of the commissioners court as hereinafter provided, to employ and designate the titles and fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary to conduct presentence investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of probation. [emphasis added]

Section 10 implies that "other personnel" may be employed to assist the probation officer in preparing pre-sentence reports, conducting investigations, supervising probationers and enforcing the terms and conditions of probation. And if other probation personnel may perform these enumerated duties under the supervision of a probation officer appointed by the court, it is reasonable to infer they may perform these tasks directly under the supervision of the court whether or not a probation officer has also been appointed.

Your second question is whether a court may grant probation, require the payment of a statutory probation service fee, and revoke probation for violation of probationary terms and conditions, if it has not appointed or designated a "probation officer" to assist the court.

Although no case has directly addressed your question, several decisions by the Texas Court of Criminal Appeals indicate that a district court's power to grant probation, fix or modify conditions of probation, or revoke probation is not limited by the court's failure to use the services of a probation officer. Valdez v. State, 491 S.W. 2d 415 (Tex. Crim. 1973); Marr v. State, 487 S.W. 2d 93 (Tex. Crim. 1972). The cases further indicate that a court's power is not limited by failure of a probation officer to properly perform his duties. Hilts v. State, 476 S.W. 2d 283 (Tex. Crim. 1972). Mullins v. State, 464 S.W. 2d 669 (Tex. Crim. 1971).

Whether a defendant is entitled to probation, and, if so, upon what conditions, are matters solely for the trial court's discretion. Martin v. State, 452 S.W. 2d 481 (Tex. Crim. 1970).

In answer to your question it is our opinion that the 90th District Court of Stephens County may order payment of the statutory probation service fee (Section 6a, Art. 42.12, V.C.C.P.); order probationers to report monthly to a probation "clerk"; and revoke probated sentences of probationers who violate terms of their probation whether or not a probation officer is employed in Stephens County.

## SUMMARY

A probation "clerk" may perform some of the duties of a probation officer directly under the supervision of the court. A district court may exercise its probationary powers under Art. 42.12, V. C. C. P., whether or not it has employed a "probation officer" to assist the court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman