# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-10789

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LAWRENCE CHRISTOPHER FIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

August 29, 2001

Before JOLLY, SMITH, and WIENER,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Lawrence Fix appeals his conviction of violating 18 U.S.C. § 922(g)(1) (2001), which prohibits convicted felons from possessing firearms "in and affecting" interstate commerce. We reverse and remand.

I.

In 1981, Fix pleaded guilty of arson in state court and was sentenced to three years' probation. In 1984, the state court granted his motion to set aside the sentence of probation, grant a new trial, and dismiss the matter.

In May 2000, Fix was indicted in the instant federal proceeding for being a felon in possession of a firearm. He and the government stipulated to his felony conviction for arson and to the facts surrounding his arrest. Fix

filed a motion to dismiss the federal indictment, asserting that his arson conviction could not serve as a predicate offense under 18 U.S.C. § 921(a)(20) because the state court had set aside his probation. The federal district court denied that motion, citing *United States v. Padia*, 584 F.2d 85, 86 (5th Cir. 1978). Fix entered a conditional plea of guilty and, pursuant to FED. R. CRIM. P. 11(a)(2), reserved the right to appeal the denial of his motion to dismiss the indictment.

## II.

Fix presents one issue on appeal: "Do[] the prior proceedings in state court qualify [Fix] for the exemption contained in 18 U.S.C. § 921(a)(20)?" That exemption, in regard to whether a person found in possession of a firearm is still considered a "felon" under § 922(g)(1), states:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (2001).

Fix argues that TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) completely restores his civil rights. That statute provides:

> If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the . . . indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon Supp. 2001).

Fix claims that his previous felony conviction cannot serve as a predicate offense under § 921(a)(20) because he successfully completed probation for that conviction. Consequently, he argues, the district court erroneously denied his motion to dismiss the indictment.[1]

No person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" may possess a firearm "in or affecting" interstate commerce. § 922(g)(1).[2] The law of the jurisdiction in

---

[1] Fix claims that his rights were restored by individualized certification under art. 42.12, § 20. We disagree. Fix received an order from a Texas state court granting his motion and stating that he would "be released from further probation, granted a new trial, and said probation be set aside, and that this cause be dismissed from the docket of this Court." The order did not state that the conviction was expunged or erased. Thus, Fix's civil rights were passively restored by operation of law under art. 42.12, § 20.

[2] Section 922(g)(1) provides:

(g) It shall be unlawful for any personSS

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .

(continued...)

2

which the proceedings were held determines what constitutes a crime.[3] So, Texas law determines whether Fix was a convicted felon for purposes of § 922(g)(1). *See*, *e.g.*, *United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996).

### III.

In *United States v. Daugherty*, No. 00-20871, 2001 U.S. App. LEXIS 19201 (5th Cir. Aug. 28, 2001), we upheld a conviction under § 922(g)(1) in a somewhat different situation. The defendant had served his period of probation, and the state court merely ordered that "the Defendant is discharged from probation." *Id.* at *1 n.1. As here, the defendant's rights "were passively revived by operation of law, not by individualized certification." *Id.* at *7. We concluded, based on applicable federal and Texas precedent, that, for purposes of § 922(g)(1), the defendant "remained convicted even after successfully completing probation." *Id.* at *13 (footnote omitted).

Fix accurately argues that his circumstance is materially distinguishable from that in *Daugherty*. Specifically, as we have noted, the state court order discharging Fix from probation also granted him a new trial and directed that the cause be dismissed. As Fix notes, TEX. CODE CRIM. PROC. ANN. art. 40.08 stated, at the time of Fix's dismissal,[4] that "[t]he effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt nor shall it be alluded to in the argument."

In its brief on appeal, the government makes no effort to address art. 40.08. Instead, it argues that "[w]hile the government does not dispute that Fix's core civil rights have been restored by operation of Texas law, the state's restrictions on his right to possess firearms trigger the "unless clause" of § 921-(a)(20), and preclude him from receiving the benefit of the provision." This argument is untenable.

We need never reach the "unless clause" in Fix's case, because, by operation of Texas law, it is as though he had never been convicted. Once a motion for new trial is granted, "the case remained . . . in the same position as

---

[2](...continued)

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (2001).

[3] *Beecham v. United States*, 511 U.S. 368, 371 (1994).

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (2001).

---

[4] This article was repealed in 1986 but was in effect at the time of Fix's discharge. *See* Acts 1985, 69th Leg., ch. 685, § 4.

before the trial . . . took place." *Reed v. State*, 516 S.W.2d 680, 682 (Tex. Crim. App. 1974) (citing art. 40.08).

It may have been a fortuity that the state court added the grant of a new trial to the order terminating probationary status, but we cannot ignore the effect of that action. For example, "if a motion for new trial is granted, jeopardy does not attach." *Franklin v. State*, 693 S.W.2d 420, 432 (Tex. Crim. App. 1985) (citing art. 40.08; *Whitehead v. State*, 286 S.W.2d 947 (Tex. Crim. App. 1956)); *see also Carter v. State*, 848 S.W.2d 792, 796 (Tex. App.§§Houston [14th Dist.] 1993, pet. ref'd). This completely undermines the government's assertion that Fix's argument based on art. 40.08 "begs the question of whether the state could try him a second time." By making this pronouncement, however, the government does reveal that it believes the question of jeopardy is significant here.

In summary, because the state court granted Fix a new trial,[5] he stands in the shoes of one who was never convicted. Accordingly, he cannot be under disability or restriction in regard to the possession of firearms. There is no predicate offense, so the conviction of possession of a firearm by a felon cannot stand.

The judgment of conviction and sentence is REVERSED, and this matter is REMANDED for further appropriate proceedings.

---

[5] We limit this decision to the precise situation in which a defendant is granted a new trial under Texas law at a time when he was subject to art. 40.08. We express no view on any other hypothetical circumstances.

4