11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James
Harold Bryant

Appellant

Vs.                   No. 11-04-00104-CR -- Appeal
from Midland County

State
of Texas

Appellee

 

James Harold Bryant, appellant, was convicted in
the 238th District Court of Midland County of delivery of a simulated
controlled substance.  The jury assessed
his punishment at one year confinement in a state jail facility and a $250
fine.  Appellant=s
first point of error is that the trial court erred in proceeding to trial after
dismissing the cause of action and divesting itself of jurisdiction.  Appellant=s
second point of error is that the trial court erred in not including all of
TEX. HEALTH & SAFETY CODE ANN. '
482.003 (Vernon 2003) in its instructions to the jury and that such failure
amounts to an impermissible comment upon the weight of the evidence.  Appellant=s
third point of error is that the trial court denied appellant a fair trial
because it delegated the preparation of the courts=s
charge to the prosecution.  We affirm.

Dismissal of First Indictment

Appellant was indicted by a grand jury of the
385th District Court of Midland County. 
The indictment was given File Number CR28,905 in the 385th District
Court on October 2, 2003.  A subsequent
re-indictment of appellant was returned by a grand jury of the 238th District
Court of Midland County.  The
re-indictment was given the same file number of CR28,905 on January 29, 2004,
although the re-indictment was filed in the 238th District Court.  Prior to trial, the 238th District Court
granted the State=s motion
to dismiss the indictment returned in the 385th District Court and allowed the
trial to proceed based on the re-indictment in Cause No. CR28,905 in the 238th
District Court.  








Appellant argues that the re-indictment was of no
consequence and had no effect because the trial court was already vested with
jurisdiction by the return of the first indictment.[1]  He further contends that the dismissal of the
first indictment divested the trial court of jurisdiction to prosecute
him.  Therefore, appellant argues that,
when the trial court granted the State=s
motion to dismiss the first indictment, it in effect dismissed all prosecution
in Cause Number CR28,905.   

A pending indictment does not prevent a grand jury
from returning subsequent indictments charging the same offense.  Whitehead v. State, 286 S.W.2d 947,
948 (Tex.Cr.App.1956).  Thus, the
presentment of the re-indictment to the 238th District Court on January 29,
2004, vested that court with jurisdiction to try appellant even though a prior
indictment was pending.  See TEX.
CONST. art. V, '12(b).  On January 29, 2004, when the re-indictment
was presented to the 238th District Court, it vested the court with
jurisdiction to hear the cause even though a prior indictment was pending.  The State had the option to proceed under
either indictment until one of them was dismissed.  Whitehead v. State, supra at
948; see Flores v. State, 487 S.W.2d 122, 125 (Tex.Cr.App.1972).

Upon request of the State, the 238th District
Court dismissed the first indictment and allowed the State to proceed on the
second indictment.  The State should have
filed its motion to dismiss the first indictment in the 385th District
Court.  See Flores v. State, supra at
125-26.  However, appellant did not
contest the 238th District Court=s
dismissal of the indictment below, and appellant does not contest that
dismissal here.  Appellant has waived any
complaint concerning the 238th District Court=s
dismissal of the initial indictment.  See
Williams v. State, No. 11-01-00222-CR, 2002 WL 32344499 (Tex.App. -
Eastland June 27, 2002)(not designated for publication); Evans v. State,
61 S.W.3d 688, 690 (Tex.App. - Fort Worth 2001, no pet=n).

After the first indictment was dismissed, the
238th District Court had jurisdiction to proceed to trial on the
re-indictment.  The re-indictment had the
requisites of a valid indictment.  TEX.
CODE CRIM. PRO. ANN. art. 21.02 (Vernon 1989). 
There was no requirement that the re-indictment in the 238th District
Court be given a file number different from the number of the original
indictment in the 385th District Court.[2]  Appellant=s
first point of error is overruled.








Jury Charge

Appellant argues in his second point of error that
the trial court erred by including in the court=s
charge an instruction based on Section 482.003(a)(2) & (3).  He contends that the instruction
impermissibly commented on the weight of the evidence.  The paragraph of the court=s charge in question reads:

In determining whether a person represented a
simulated substance to be a controlled substance in a manner that would lead a
reasonable person to believe the substance was a controlled substance, the jury
may consider, in addition, to all other logically relevant factors, whether (1)
the delivery or intended delivery included an exchange of or demand for
property as a consideration for delivery of the controlled substance and the
amount of the consideration was substantially in excess of the reasonable value
of the simulated controlled substance, and (2) the physical appearance of the
finished product containing the substance was substantially identical to a
controlled substance.

 

Appellant argues that the instruction violated
TEX. CODE CRIM. PRO. ANN. art. 36.14 (Vernon Supp. 2004 - 2005) because it
commented on the weight of certain evidence and singled out Apackaging and the amount of
remuneration as aspects of testimony the Jury should pay particular attention
to.@

The function of the jury charge is to instruct the
jury on the law applicable to the case.  Dinkins
v. State, 894 S.W.2d 330, 338 (Tex.Cr.App.1995).  In examining appellant=s
contention of jury charge error, we determine: 
(1) whether error actually existed in the charge; and (2) if an error
existed, whether any resulting harm requires reversal.  Mann v. State, 964 S.W.2d 639, 641
(Tex.Cr. App.1998).

The instruction, taken verbatim from the Texas
Health and Safety Code, gave the jury a nonexclusive list of factors it could
consider in determining whether appellant represented the substance Ain a manner that would lead a
reasonable person to believe the substance was a controlled substance.@ 
Section 482.003(a)(2) & (3). 
The instruction informed the jury of the Aspecial
legal consequences@ of the
receipt of particular evidence and was proper. 
See Atkinson v. State, 923 S.W.2d 21, 25 (Tex.Cr.App.1996).  A comment on the evidence is one which might
suggest to the jury the judge=s
personal estimation of the strength or credibility of certain evidence.  Atkinson v. State, supra at 24; Hathorn
v. State, 848 S.W.2d 101, 114 (Tex.Cr.App.1992).  The instruction was not a comment on the
weight of the evidence. 








In the alternative, appellant argues that Section
482.003 (b) in its entirety should have been included in the court=s charge.  Section 482.003(b) states:  AProof
of an offer to sell a simulated controlled substance must be corroborated by a
person other than the offeree or by evidence other than a statement of the
offeree.@  

Paragraph (b) of Section 482.003 specifically
deals with offers to sell simulated controlled substances.  The State, in this case, presented evidence
and argued that appellant actually sold the simulated controlled substance, not
that he merely offered to sell the substance. 
Unnecessary instructions should not be given, even if they are correct
statements of law.  Drichas v. State,
152 S.W.3d 630, 634 (Tex.App. - Texarkana 2004, pet=n granted).  We conclude that the trial court did not err
in refusing to include additional statutory language that was unnecessary.  We overrule appellant=s
second point of error.

                                         Delegating
the Preparation of the Court=s
Charge

To preserve error for appellate review,
TEX.R.APP.P. 33.1 requires that a complaint be made to the trial court by a
timely request, objection, or motion. 
Appellant did not object to the trial court=s
charge on the ground that it was drafted by the State.  Therefore, appellant has not preserved this
point for review.  Cockrell v. State,
933 S.W.2d 73, 89 (Tex.Cr.App.1996), cert. den=d,
520 U.S. 1173 (1997).  Appellant=s third point of error is overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

July 28, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Although appellant refers to Athe trial court@ without
specifying which court, it appears that he is referring to the 238th District
Court.  





[2]The record does not indicate that Cause No. CR28,905
was ever transferred from the 385th District Court to the 238th District
Court.  The briefs indicate that the
district clerk simply filed the indictments under the same number but in the
separate courts.