## Joe McMILLAN v. STATE.
### No. 15819.

Court of Criminal Appeals of Texas.

Feb. 8, 1933.

See, also, 57 S.W.(2d) 125.

Henry Tirey, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, Judge.

The offense, selling intoxicating liquor; the punishment, one year in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Jim HARDIN v. STATE.
### No. 15856.

Court of Criminal Appeals of Texas.

Feb. 8, 1933.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Arson is the offense; penalty assessed at confinement in the penitentiary for two years.

The indictment is regular and regularly presented. The facts heard before the trial court are not brought up for review. No error has been perceived which would vitiate the judgment of conviction.

A plea of guilty was entered and a jury was waived. We have not been favored with a brief, but assume that the appeal is predicated upon the theory that article 10a, C. C. P., as it appears in chapter 43, Acts of 42nd Legislature (1931), Regular Session (Vernon's Ann. C. C. P. art. 10a), in which, in a case less than capital, one accused of a felony is privileged to enter a plea of guilty authorizing a conviction by the judge, is contrary to the Constitution. The subject has been discussed in the case of McMillan v. State (Tex. Cr. App.) 57 S.W.(2d) 125, in which the validity of the statute has been upheld.

Upon the authority of the case mentioned, the judgment is affirmed.

## Jim HARDIN v. STATE.
### No. 15857.

Court of Criminal Appeals of Texas.

Feb. 8, 1933.

See, also, 57 S.W.(2d) 125.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for conspiracy to commit arson; punishment, two years in the penitentiary.

Neither statement of facts nor bills of exception are found in the record. Appellant pleaded guilty. The indictment, the charge of the court, the judgment and sentence appear regular.

The judgment will be affirmed.