WILLIAM ERNEST BOYDSTUN V. STATE.

No. 24092. June 16, 1948.
Rehearing Denied October 13, 1948.

Hon. Arthur Tipps, Judge Presiding.

*Wayne Somerville,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of being drunk in a public place, to-wit: a public road in Wichita County, Texas, and his punishment was assessed at a fine of One Hundred Dollars.

The record reflects that on the night of October 19, 1947, two city policemen, who were near a fire directing traffic, noticed appellant and one Bennett on a public street in the City of Wichita Falls, Texas. They observed their acts, conduct, and movements which indicated that they were intoxicated. The officers arrested both of the men and confined them in jail. The officers testified that appellant's breath, as well as that of Bennett, carried a strong odor of intoxicating liquor; that appellant staggered and he talked incoherently. Appellant did not testify, however, Bennett testified that appellant was not drunk at the time and place in question. It will be noted that an issue of fact was raised which the jury decided adversely to him.

At the conclusion of the state's evidence, as well as at the close of defendant's evidence, he requested the court to instruct the jury to return a verdict of not guilty. He based his requested instruction on the ground that the state had failed to prove that the public road or street was a place where people resorted for the purpose of business. The evidence shows that appellant was on a public road and that so many people had assembled there that two policemen were ordered to the place to direct the traffic. It occurs to us that the state proved the allegations in the information. Therefore, the trial court was fully justified in declining to give the requested special charge. Article 475, P. C., defines a public road, street or alley of a town, as a public place.

His next contention is that the punishment is excessive. We do not agree with this contention. The punishment assessed is a fine of One Hundred Dollars which is within the limits prescribed by Art. 477, P. C.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR A REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant challenges the correctness of the original opinion on the ground that the State did not prove that the appellant was intoxicated on a "public" road, or place where people "did then and there resort for the purpose of business.".

The officer testified on cross-examination: "I saw the car about a block and a half before it got to me. I was at the intersection of Carolina and Burkburnett Road, that was between Lincoln and Jefferson, that is where the lumber yard is. That is where the light was. There is a light on the street where the underpass is and also a traffic light. I was near the corner." The proof also shows that the two officers making the arrest were, at the time, directing congested traffic near a fire where a filling station was burning. If a gathering like that described, on the Burkburnett Highway, at the place described, is not sufficient to describe a public place, as alleged in the indictment, we would have to assume a most unusual situation. Such evidence reasonably justifies a finding, on the part of the jury, that it was a public highway as charged. See Neufield v. United States, 118 Federal (2d) 375, in which it was said, "A jury is entitled to draw reasonable inferences from the facts proved and to take language at its ordinary meaning."

For a full discussion of the question as raised by the motion see Duncan v. State, No. 24,097, (Page 283 of this volume) this day decided.

We remain of the opinion, therefore, that the evidence was sufficient to support the verdict. The motion for rehearing is overruled.