## EX PARTE O. J. FOSTER

No. 27,964. November 9, 1955

*Everett Lord* and *D. F. Sanders,* Beaumont, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the Texas Prison System, seeks his release by writ of habeas corpus alleging that on April 22, 1952, he entered pleas of guilty in causes numbered 18436, 18437, and 18440 in the criminal district court of Jefferson County and that at no time did he waive a trial by jury nor did the attorney representing the state execute a written consent for the petition-

er to be tried without a jury as is required by Article 10a, V.A.C.C.P.

The writ was granted by the Honorable Owen M. Lord, Judge of the Criminal District court of Jefferson County, and made returnable to this court in accordance with the terms of Article 119, V.A.C.C.P.

Each of the judgments recites that the terms of Article 10a were complied with, and the burden rested upon the relator to show that such judgments did not reflect the truth.

Kathleen Abshire, an employee of the district clerk's office, testified that the records in the three cases involved in this hearing did not contain a waiver of a jury trial executed by the district attorney and that she did not find such a waiver in the records of any case in which a plea of guilty was received in that court during the year of 1952.

The Honorable Joe Goodwin testified that as assistant district attorney of Jefferson County he began handling the felony criminal docket in said court in January of 1951, that he represented the state in the three cases against the relator named above, and that he could not remember whether or not he filed a waiver of a jury. Goodwin stated that when he took over the felony docket he followed the procedure employed by his predecessors and did not file waivers of juries until he discovered the statute which makes such filing mandatory and that he thereafter filed waivers in all cases.

Goodwin stated that he could not remember the date on which he made such discovery but that he had examined the records of the court and the first waiver which he was able to find was filed in November, 1953.

Everett Lord, one of relator's attorneys, testified that, in company with Miss Abshire, he had examined approximately fifty records of pleas of guilty in said court for some two years prior to November 16, 1953, and found no executed waivers of jury trials and that he found a variance between the records and the judgments in the instant case.

The state offered no evidence in support of the judgments.

We have concluded that the relator has shown a failure to comply with the terms of Article 10a.

In Thompson v. State, 154 Texas Cr. R. 273, 226 S.W. 2d 872, we said:

"The record fails to show the consent in writing of the attorney for the State to the waiver of a jury as required by Art. 10a, Vernon's Ann. C.C.P. The filing of such written consent is a prerequisite to a trial without a jury in a felony case."

In Ex parte Dooley, 157 Texas Cr. R. 57, 246 S.W. 2d 631, we held that the requirements of Article 10a, V.A.C.C.P., were mandatory and requisite to a valid judgment upon a plea of guilty before the court in an ordinary felony case.

The writ of habeas corpus is granted, and relator is ordered delivered to the sheriff of Jefferson County to await the further orders of the criminal district court of Jefferson County in Causes Nos. 18,436 and 18,440. The record before us reflects that relator has served the sentence in Cause No. 18,437.