court's rulings on the admission of testimony, which will be discussed.

■ The first exception relates to the ruling of the court in permitting Officer Allen to testify that in his opinion the appellant was drunk when he observed him on the night of his arrest. Appellant objected to the officer stating his opinion on the ground that he was not an expert on intoxication. The officer's testimony shows that his opinion was based upon his observation of the appellant's appearance and actions, and we find no error in the court permitting him to state his opinion.

■ A non-expert witness may express his opinion as to intoxication when such opinion is based upon his observation of the appearance, acts and conduct of an accused. Inness v. State, 106 Tex.Cr.R. 524, 293 S.W. 821; Spears v. State, Tex.Cr. App., 20 S.W.2d 1063; Kendrick v. State, 156 Tex.Cr.R. 97, 238 S.W.2d 964; and Rice v. State, Tex.Cr.App., 275 S.W.2d 105.

The second bill of exception presents appellant's objection to Dr. Mason testifying as to the analysis and result of the intoximeter test on the ground that the doctor did not give the actual test himself to the appellant.

■ The fact that Dr. Mason did not give the actual test to the appellant did not render his testimony as to the analysis and result of the test inadmissible.

Under Dr. Mason's testimony, it is shown that the intoximeter test concerning which he was testifying was delivered to his office by a member of the Dallas Police Department, in a sealed container which bore the appellant's name and the date on which the test was given. The test was sufficiently identified as being the test given the appellant as to authorize Dr. Mason's testimony showing the results thereof.

■ Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment of conviction is affirmed.

Opinion approved by the Court.

Ex parte Marlin Bland TURNER.

No. 28422.

Court of Criminal Appeals of Texas.

May 23, 1956.

Marlin Bland Turner pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

Relator, an inmate of the Texas Prison System, seeks his release by writ of habeas corpus alleging that on November 21, 1952, he entered a plea of guilty in Cause No. 18,-680 in the Criminal District Court of Jefferson County and that at no time did the attorney representing the State execute a written consent for the petitioner to be tried without a jury as is required by Article 10a, V.A.C.C.P.

Upon application of the relator, this Court directed that the facts be developed and certified to this Court. This has been done, and they are almost identical in every respect to those reflected in Ex parte Foster, Tex.Cr.App., 283 S.W.2d 761, to which reference is here made.

We have again concluded that the relator has here shown a failure to comply with the terms of Article 10a.

The writ of habeas corpus is granted, and relator is ordered delivered to the Sheriff of Jefferson County to await the further orders of the Criminal District Court of Jefferson County in Cause No. 18,680.