EX PARTE RICHARD BERNARD JOHNSON

No. 28,614. October 31, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) December 12, 1956.

*Allie L. Peyton,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Relator, an inmate of the Texas Prison System, seeks his release by writ of habeas corpus from confinement under certain judgments of conviction entered against him in the Criminal District Court No. 2 of Harris County on July 19, 1955, in Causes Nos. 74301, 74302, 74551, and 74554, upon his plea of guilty to offenses less than capital and waiver of a trial by jury.

Relator alleges that the judgments of conviction are void because the records fail to reflect that the district attorney executed a written consent to the waiver of a jury trial in accordance with the provisions of Art. 10a, V.A.C.C.P., and that in fact no such consent was executed.

The writ was granted by the Honorable Langston G. King, Judge of Criminal District Court No. 2 of Harris County, and

made returnable to this court in accordance with the terms of Art. 119, V.A.C.C.P.

Each of the judgments contains the following recitation: "and the Defendant * * * having the consent and approval of the Court and Attorney for the State, waives a jury herein and in open Court pleaded guilty to the charge contained in the Indictment herein."

Ray Clark, Deputy District Clerk in the Criminal District Clerk's Office, upon being called as a witness by the relator testified that he had examined the papers in the four cases involved and failed to find in any of them a signed and executed waiver of the district attorney or any assistant giving his written consent and approval to a waiver of a trial by jury. He further testified that when he acted as clerk in the court the district attorney filed written waivers in all pleas of guilty; that in the past year he had seen three or four hundred waivers filed; and that subsequent to the date of relator's conviction the papers in the cases had been moved from one building to another.

In support of said judgments, the state called former Assistant District Attorney Thoms C. Dunn, who testified that, on July 19, 1955, he was acting in such capacity, and was associated with the district attorney's office for three and one-half years prior to that time; that he was aware that a written waiver had to be signed before a defendant, pleading guilty, could waive a jury; that it was his practice to always file the written waiver; that for a while it was the custom to sign the waiver in blank, and when it was found out that the defendant desired to plead guilty the assistant district attorney would fill out the name and give it to the clerk, sometimes prior to and sometimes after the court admonished the defendant. He further testified that he had no independent recollection of whether he filled out a waiver in relator's cases or not.

Judge King testified that it was the practice in his court for the state's attorneys to file a written waiver in cases where the defendant was pleading guilty and waiving a jury; and that a year or two before relator's cases were tried he had admonished the attorneys for the state and the clerk to "watch out for the waiver constantly and the filing of the written consent on the part of the State."

We have concluded that the relator has not shown a failure to comply with Art. 10a, supra.

The judgments of conviction under which relator is being confined recite that relator's waiver of a jury was with the consent and approval of the attorney for the state. The judgments therefore are unlike the judgments in Ex Parte Dooley, 157 Texas Cr. R. 57, 246 S.W. 2d 631, relied upon by the relator, where there was an entire absence of any reference in the judgments to the requirements of Art. 10a, supra.

The record is undisputed that both before and at the time the relator was convicted it was the practice of the district attorney's office to file written consents in jury waiver trials. Proof of this fact is unlike the proof made in Ex Parte Foster, 162 Texas Cr. R. 191, 283 S.W. 2d 761, also relied upon by the relator, where a practice of not filing waivers by the district attorney was shown.

The relief prayed for is denied.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

Each of the several judgments entered against relator fail upon their face to comply with the mandate of Art. 10a, Vernon's C.C.P., in that it is not shown or recited therein that the attorney representing the state in each case consented in writing to the waiver of trial by jury by the relator, and that such written consent was filed in the papers of each case.

The deputy district clerk who had charge of the records and papers in the cases mentioned testified as follows:

"I do not find in these cases any record showing that the District Attorney or his duly authorized Assistant District Attorney signed any waiver of trial by jury before the defendant entered his plea of guilty in any of these cases. I find no such written and signed waiver filed in the papers of any of those cases."

This testimony was not denied. So then, because of the absence of the written consent of the relator or a showing that such consent was filed among the papers, the undisputed evidence shows that the mandatory provisions of the statute referred to were not complied with.

The judgments are clearly invalid in failing to comply with

the statute. See: Schoolcraft v. State, 129 Texas Cr. R. 608, 91 S.W. 2d 361; Ex parte Turner, 290 S.W. 2d 520; Ex parte Foster, 162 Texas Cr. R. 191, 283 S.W. 2d 761; Ex parte Dooley, 157 Texas Cr. R. 57, 246 S.W. 2d 631; Thompson v. State, 154 Texas Cr. R. 273, 226 S.W. 2d 872.

In addition to the foregoing, the judgments are invalid by reason of non-compliance with that provision of Art. 10a, Vernon's C.C.P., which requires "that said consent and approval by the Court shall be entered of record on the Minutes of the Court * * * ."

Such, of necessity, requires that the judgment, which is the entry of record on the minutes of the court, show that the written consent of state's counsel was filed among the papers of the case.

My brethren overturn this prima facie case of failure to comply with the mandate of the statute and the undisputed evidence showing violation of that mandate because it was the custom and practice of the attorney for the state to file his written consent to the waiver by the accused of his right of trial by jury. My brethren cite no authority sustaining their position, and I know of none.

I know that, here, my brethren by hearsay, innuendo, and presumption are impeaching a judgment of a court of record in the face of positive testimony to the contrary.

A valid judgment is necessary to a sentence, without which there can be no valid sentence.

Under the record before this court relator is entitled to be discharged from further incarceration under the judgments mentioned.

I respectfully record my dissent.