**Ex parte Vernice G. HOBBS.**

**No. 35307.**

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Rehearing Denied Feb. 13, 1963.

No attorney for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Relator, an inmate of the Texas Prison System, seeks his release by an application for the issuance of a writ of habeas corpus alleging that on March 1, 1962, he entered pleas of guilty to offenses less than capital in Causes Nos. 95,063 and 95,064 in the Criminal District Court No. 3 of Harris County and that at no time did the attorney representing the State execute a written consent for the relator to be tried without a jury as is required by Art. 10a, Vernon's Ann.C.C.P.

When the application of the relator was presented, this Court directed that it be filed and that the facts be developed and certified to this Court. This has been done.

The judgment in each of said causes in part recites that "the said defendant Vernice G. Hobbs having the consent and approval of the court and J. R. Musslewhite, attorney for the state, having agreed and consented in writing, which consent duly signed has been filed in the papers in this cause, waives a jury herein and in open court entered a plea of guilty * * *"

The Deputy District Clerk serving in said court at the time of relator's conviction testified that he did not find any written jury waivers signed by the state's attor-

ney on his search of the files in said causes; that he had no independent recollection of such waivers but it was possible for them to have been removed or lost; that the docket sheet in said causes bore the rubber stamped recitation as follows: "Jury waived by defendant in person, approved by the court and consented to and approved by state's counsel in writing."

Another Deputy Clerk testified to the indexing, storage and security of the records in the criminal section of the Clerk's office.

The state prosecutor of these causes testified that he had no independent recollection of having filed waivers of consent; that it was his policy and that of the trial court not to take a guilty plea to a felony without a jury unless a waiver had been signed and filed with the clerk but that it was possible that he omitted filing consent waivers of the jury.

The relator testified that he did not see any waiver of a jury signed by the state's attorney nor was mention made of a jury by the prosecuting attorney or the court.

The trial judge testified that it was his custom to inquire of counsel for the state if he had filed a consent waiver of a jury before accepting a plea of guilty. But in these cases he had no recollection of whether he had made such inquiries, and that during the trial he made no inquiry of the clerk about such waivers.

In face of the recitations in the judgments as shown above, it is concluded that the evidence is insufficient to show that the requirements of Art. 10a, supra, were not complied with.

The same contention was urged by relator for release from confinement under a 1952 conviction in Ex parte Foster, 162 Tex.Cr.R. 191, 283 S.W.2d 761. There a search of the records failed to disclose a jury waiver in any case during the year 1952. Counsel for the state testified that he could not recall when he began filing waivers but his examination of the rec-

ords showed that the first waiver was filed in November, 1953. Relator's attorney also testified that his examination of the records for two years prior to November, 1953, revealed no waivers. This evidence warranted the conclusion that Art. 10a, supra, was not complied with in the Foster case.

In the case at bar there had been no evidence of a systematic omission to file waivers as disclosed in Foster but merely a failure of the witnesses to recall what was done, which was insufficient to render void a judgment valid on its face.

The application for the issuance of writs of habeas corpus in said causes is denied and the relator is remanded to custody.

Opinion approved by the Court.