**Ex parte John Alton SMITH.**

**No. 42621.**

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Rehearing Denied Feb. 11, 1970.

Lawrence L. Bruhl, Llano, for appellant.

Louis Crump, Dist. Atty., San Saba, and Jim D. Vollers, State's Atty., Austin, for the State.

---

## OPINION

ONION, Judge.

This is a habeas corpus proceedings.

Petitioner is presently confined in the Texas Department of Corrections as a result of his conviction for assault with intent to murder with malice on January 20, 1958, in the District Court of Freestone County. With two prior convictions alleged for enhancement under Article 63, Vernon's Ann.P.C., the punishment was assessed at life. The opinion of this Court affirming such conviction was reported in Smith v. State, 314 S.W.2d 300.

Petitioner first filed a post conviction application for writ of habeas corpus in the convicting court under the provisions of Article 11.07, V.A.C.C.P., as amended 1967. See Ex parte Young, Tex.Cr.App., 418 S. W.2d 824. Therein he contended one of his two prior convictions for burglary (Cause No. 3031, District Court of Llano County) used for enhancement was void because his court appointed counsel in such case was not accorded one (1) day to prepare for trial as required by Article 494, V.A.C.C.P., 1925, then in effect[1] and that the State's attorney had not given his written consent to the waiver of a jury trial by the petitioner. See Articles 10a and 12, V.A.C.C.P., 1925. He therefore advanced the claim that since he had credit in excess of 15 years, the maximum punishment at the time of his trial for assault with intent to murder[2] with malice, the primary offense involved in his conviction under Article 63, V.A.P.C., he was entitled to be released. See Article 62, V.A.P.C.

Concluding that the petitioner's application could "be better ascertained and resolved" by the District Court of Llano County, the judge of the convicting court in Freestone County made the writ returnable to this Court for review and assignment to "another judge of this State better positioned to ascertain the additional facts necessary for proper consideration of the issues."

The Court of Criminal Appeals declined to order an evidentiary hearing and denied the application by written order dated October 7, 1968, on the ground that Article 494, supra, had application only to capital felony cases at the time of petitioner's trial for the noncapital offense of burglary in Cause No. 3031 in Llano County on May 21, 1951, and the judgment entered in said cause clearly reflected that the prosecutor gave his written consent to the petitioner's request to waive a jury trial.

In an order dated June 30, 1969, the United States District Court, Western District of Texas, Waco Division, traced the above stated history of this case. Noting that petitioner had now alleged in his application for habeas corpus in that court ineffective assistance of counsel and absence of court appointed counsel at the time of his Llano County conviction and that State remedies in connection therewith had not been exhausted, the said federal court dismissed the application without prejudice "so that the petitioner may reapply for a writ of habeas corpus in the District Court of Llano County, Texas."

Thereafter an application for habeas corpus under the provisions of Article 11.-07, V.A.C.C.P., was filed by the petitioner in the 33rd District Court of Llano County.

After an evidentiary hearing on August 22, 1969, upon the habeas corpus application filed in the 33rd District Court, at which hearing petitioner was represented by court appointed counsel, the judge of said court made certain findings of fact and conclusions of law and ordered the record transmitted to this Court.

---

1. Now see Article 26.04, Vernon's Ann. C.C.P.

2. See 1961 amendment to Article 1160, V.A.P.C., which increased the maximum punishment for assault with intent to murder with malice to 25 years. (Acts 1961, 57th Leg., p. 706, Ch. 331.)

The court found that the petitioner had been represented by the Honorable Bill S. Watkins, a competent attorney of the Llano County Bar, at the time of his guilty plea in said Cause No. 3031 on May 21, 1951, and concluded he had not been denied the effective assistance of counsel. The record supports such finding and shows counsel was present during the entire time of such proceedings.

The court did conclude, however, the petitioner was now illegally confined.[3] This conclusion appears to be based on the finding that the jury waiver in said Cause No. 3031 was either never filed or was lost after filing and not recorded on the minutes of the court. The court concluded that since there was no valid jury waiver on file or on record in said Cause No. 3031 as required by the Code of Criminal Procedure on May 21, 1951, the petitioner was entitled to the relief sought.

We cannot agree with the trial judge's conclusion.

The judgment in said Cause No. 3031 approved and signed by the judge who presided at the trial reflects the following:

"* * * Thereupon the defendant requested the consent and approval of the Court to waive the right of a trial by a jury, and whereas such consent and approval, of the duly elected and acting attorney representing the State, in writing duly signed by said attorney, was filed in the papers in said cause before the defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed. Therefore the Court now gives its consent and approval for the said defendant to waive the right of a trial by a jury."

The judge who presided at the trial, the Honorable Tom C. Ferguson, testified at the evidentiary hearing that a jury waiver duly executed was exhibited to him and filed. Further, the docket sheet reflects that the jury trial was waived.

The present district clerk testified that he failed to find a jury waiver in the file of the said Cause No. 3031, that while he had been a deputy district clerk when the trial had occurred he had not been in court at the time. He related that the papers in all the cases were accessible to attorneys and other people, and it was not uncommon from time to time for filed instruments to become lost or misplaced or returned to the wrong file or court jacket.

In support of his allegation that the prosecutor had never given his written consent to the jury waiver, petitioner testified he had never signed such waiver and did not see such an instrument at the trial.

To somewhat complicate the situation, the record before us reflects that in response to petitioner's inquiry of May 22, 1959, eight years after the conviction in said Cause No. 3031, the then district clerk informed him that "Consent of District Attorney not found with other papers in the case." The present district clerk also informed the petitioner on October 4, 1967, that the written consent of the district attorney to waive a jury was not found in said Cause No. 3031, but subsequently informed him that in Cause No. 3037 in the same court he had found what appeared to be an altered jury waiver and consent of the State's attorney thereto. On such instrument Cause No. "3037" had been clearly altered to read "3031," the phrase "Theft of Property over the value of $50.00" had been drawn through with ink and the word "Burglary" inserted above and the date changed from the 28th to 21st of May, 1951.

The record shows that after petitioner's conviction in Cause No. 3031 on May 21, 1951, he escaped jail, stole an automobile, was apprehended and indicted and entered a plea of guilty to such offense on May 28, 1951, in said Cause No. 3037, one week

---

3. Apparently as a result of the conviction in Freestone County on January 20, 1958.

after his conviction in said Cause No. 3031. At such second trial he was also represented by the Honorable Bill S. Watkins.

At the evidentiary hearing Judge Ferguson testified the altered jury waiver was not the one presented to him and filed in Cause No. 3031. The habeas corpus judge found that some unknown person had altered the jury waiver properly executed and filed in Cause No. 3037 on May 28, 1951, sometime after that date to make it appear to be the jury waiver filed in Cause No. 3031.

Now turning to the law involved, we find that at the time of petitioner's conviction in 1951, Article 10a, V.A.C.C.P., 1925, read:

"The defendant in a Criminal prosecution for any offense classified as a felony less than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a Jury, conditioned, however, that such waiver must be made in person by the defendant in open Court with the consent and approval of the Court and the duly elected and acting Attorney representing the State. Provided, that said consent and approval by the Court shall be entered of record on the Minutes of the Court and the consent and approval of the Attorney representing the State shall be in writing, duly signed by said Attorney and filed in the papers of the Cause before the defendant enters his plea of guilty.

"Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him. Acts 1931, 42nd Leg., p. 65, ch. 43, § 1." [4]

See also Article 12, V.A.C.C.P., 1925.

It is clear from a reading of these statutes in effect at the time of petitioner's 1951 trial that it was not the defendant's waiver of a jury trial which was required to be in writing but only the consent and approval of the State's attorney. And it was such written consent by the State that had to be filed among the papers of the cause as distinguished from the court's approval which was required to be entered on the minutes of the court.

Requirements of Article 10a and 12, supra, were considered mandatory and necessary prerequisites to a valid judgment on a plea of guilty before the court in an ordinary felony case. Ex parte Dooley, 157 Tex.Cr.R. 57, 246 S.W.2d 631; Thompson v. State, 154 Tex.Cr.R. 273, 226 S.W. 2d 872; Ex parte Turner, Tex.Cr.App., 290 S.W.2d 520; Ex parte Foster, 162 Tex.Cr.R. 191, 283 S.W.2d 761; Ex parte Marzulla, 170 Tex.Cr.R. 636, 343 S.W.2d 701.

The failure of compliance with such mandatory requirements could be raised in a post conviction habeas corpus proceeding, Ex parte Turner, supra, even though it appears the requirement was designed to insure the State's right to a jury trial in such cases.

In Ex parte Johnson, 164 Tex.Cr.R. 33, 296 S.W.2d 239, relief was denied even though no written consent by the State for the defendant's waiver of trial without a jury was found in the file. The evidence was held insufficient to show failure to comply with the requirement that the district attorney's consent to the jury waiver be in writing.

The judgment recited that the prosecutor had consented and approved such jury waiver by Johnson even though it did not reflect that such consent was in writing.

The clerk, the prosecutor and the trial judge all testified as to the consistent prac-

4. Article 10a, supra, was subsequently amended in 1959 (Acts 1959, 56th Leg., 3rd C.S., p. 377, Ch. 2) which is not here applicable. See now Article 1.13, V.A.C.C.P., 1965.

tice of requiring a careful compliance with the provisions of Article 10a, supra.

In Johnson the court distinguished Ex parte Dooley, 157 Tex.Cr.R. 57, 246 S.W. 2d 631, where the judgment made no reference to the requirements of Article 10a, supra, and Ex parte Foster, 162 Tex.Cr.R. 191, 283 S.W.2d 761, where it was shown that the practice had not been to require the written consent of the prosecutor of the defendant's jury waiver.

In Ex parte Hobbs, Tex.Cr.App., 364 S.W.2d 239, no written jury waiver signed by the State's attorney was found in the file. The judgment, however, reflected such consent was given in writing. There was a similar entry on the docket sheet. While the testimony from the clerk, prosecutor and judge as to the court's practice was not as strong as in Johnson and while Hobbs related there was no mention of a jury trial made to him, relief was denied. Here again, Ex parte Foster was distinguished.

■ The case at bar presents a far stronger factual situation than either Johnson or Hobbs. The judgment, as noted above, clearly reflects a careful compliance with Article 10a, supra. The trial judge testified that an executed jury waiver had been exhibited to him, the signatures acknowledged and the same had been filed, and only thereafter had he personally entered on the docket sheet the notation "Jury waived." He further testified it was always his practice to require the State's written consent to a jury waiver by an accused and to have the same filed before accepting a plea of guilty as authorized by Article 10a, supra. There was other testimony that this particular trial judge's careful compliance with Article 10a was not only a custom, but almost a ritual.

In view of the above, the mere fact that years after a plea of guilty is taken the written consent of the prosecutor to a jury waiver by the accused is not found in the court's jacket or found filed among the papers of the cause should not render void a judgment valid on its face. Ex parte Johnson, supra; Ex parte Hobbs, supra. The fact that another jury waiver was altered by an unknown person should not affect the result reached in view of the evidence offered.

The application for the writ of habeas corpus is denied and petitioner is remanded to custody.