**Ismael GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48393.

Court of Criminal Appeals of Texas.

April 24, 1974.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant entered a plea of guilty before the Court to the offense of arson on October 23, 1970, and was placed on probation for a period of five years. After hearing a motion to revoke probation the Court revoked probation and pronounced sentence on October 4, 1973.

The appellant urges that his conviction was void because the trial court did not sign the judgment and because the record fails to show the District Attorney consented to and approved the appellant's waiver of his right to trial by jury.

The failure of the judge to sign the judgment does not affect its validity. Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App. 1972) and cases cited therein.

Appellant notes that the attorney for the State did not sign a form included in the record showing his consent to the waiver of jury trial in appellant's original conviction. See Article 1.13, Vernon's Ann.C.C.P. He says this shows that the attorney for the State did not consent in writing to the jury waiver. We note that

appellant did not raise this alleged infirmity after the original conviction, but brings the question to our attention for the first time on appeal of the probation revocation. The waiver form itself, signed by appellant, states that the appellant has "obtained the consent and approval of the attorney representing the State" to the jury waiver. The Court's approval of the waiver also states that the written consent of the attorney representing the State has been duly signed by him and filed with the papers in the cause before appellant's plea. Finally, the judgment in the cause states that a written consent to jury waiver has been signed by the attorney for the State and filed with the papers in the cause. We do not think it has been shown that the attorney for the State failed to consent in writing to jury waiver in the original cause. See Ex parte Smith, 449 S.W.2d 266 (Tex.Cr.App.1970); Ex parte Johnson, 164 Tex.Cr.R. 33, 296 S.W.2d 239 (1956).

Further, the appellant contends the evidence is insufficient to authorize revocation of probation. The appellant was alleged to have violated the condition of probation that he commit no offense against the laws of this State. The Court found that he had violated this condition of probation by committing aggravated assaults upon Celia Gonzalez on both February 5, 1973, and April 3, 1973.

The record shows that on February 5, 1973, appellant came to see his ex-wife Celia Gonzalez at the office of Dr. Truett L. Maddox, for whom she was working as a dental assistant. Both Mrs. Gonzalez and Dr. Maddox testified that appellant was drunk at the time. Mrs. Gonzalez sat down in the office to talk with him, but when he said nothing, she rose to leave. As she rose appellant grabbed her by the arm and shoved her back against a chair "real hard," resulting in a scratch on her arm. There was also testimony that shortly thereafter appellant threatened Mrs. Gonzalez with his fist.

Mrs. Gonzalez also testified that on the evening of April 3, 1973, appellant, sober this time, came to her house. Once inside, appellant took her by the arm into the bedroom, pushed her against the bed, and began accusing her of certain things. When she denied these accusations, he punched her in the face with his fist, bruising her jaw and causing her gums to bleed. He opened her purse and began looking into it. When he found a spray can of "Mace" he began spraying it all over the house, causing her children to cry and putting Mrs. Gonzalez in great fear.

Appellant did produce two alibi witnesses to testify concerning the latter date, April 3, 1973. However, the trial court is the trier of facts in a probation revocation hearing, and is the sole judge of the witnesses' credibility and the weight to be given their testimony. See Beck v. State, 492 S.W.2d 536 (Tex.Cr.App.1973); Guillory v. State, 487 S.W.2d 327 (Tex.Cr.App.1972); Parsons v. State, 486 S.W.2d 313 (Tex.Cr.App.1972). We find the evidence sufficient to support the Court's exercise of discretion in revoking appellant's probation.

Lastly, the appellant says the Court refused despite a request to make written findings of fact and conclusions of law. This complaint has no merit. The record reflects fully adequate findings, recited in detail in the judgment, including findings that appellant, an adult male, on February 5, 1973, and April 3, 1973, committed aggravated assaults on Celia Gonzalez, a female. Furthermore, before the record was submitted to this Court, detailed findings of fact and conclusions of law were made and filed by the trial court. No abuse of discretion is shown. See Garcia v. State, 499 S.W.2d 126 (Tex.Cr.App.1973).

Finding no abuse of discretion, we affirm the judgment.

Opinion approved by the Court.