

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-87,818-01

### STATE OF TEXAS EX REL. WESLEY MAU, HAYS COUNTY CRIMINAL DISTRICT ATTORNEY, Relator

### v.

### THIRD COURT OF APPEALS, Respondent

### ON PETITION FOR WRIT OF MANDAMUS
### FROM HAYS COUNTY

**NEWELL, J., filed a concurring opinion in which Hervey and ALCALA, JJ., joined.**

Mandamus is an extraordinary writ that cannot be used to make new law; it preserves existing law. My understanding is that the Court grants Relator mandamus relief because the terms of the applicable statute, Article 1.13(a), are clear without resort to statutory construction. To that extent, I join the Court's opinion, with respect to Sections II-B and II-C. But I agree with Judge Alcala that Section II-A is unnecessary,

and I join her concurring opinion.

I write separately to observe that the Court's analysis makes clear that there is no such thing as a "State's right to a jury trial." Instead, the Court holds that Article 1.13(a) provides a limitation on the trial court's authority, rather than a grant of power to the State. Our Constitution mandates, "The right of trial by jury shall remain inviolate" without reference to the right of the State to insist upon a jury trial.[1] It grants authority to our Legislature to regulate that right in order to "maintain its purity and efficiency."[2] As we have previously observed, the Framers of our Constitution were "[i]mpelled by experienced abuse and oppression inflicted on them as citizens of earlier governments."[3] This inviolate right is personal to the defendant.

That is why Article 1.13 is couched in terms of the defendant's right to waive a jury trial. Though we have posited that the State has legitimate interests in the method of trial, it is just as easy to read Article 1.13 as ensuring greater protections for a defendant's right to a jury by

---

[1] TEX. CONST. art. I, § 15.

[2] *Id.*

[3] *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 372 (Tex. Crim. App. 1984).

limiting how and when the defendant can waive that right.[4] Given that, it seems odd that a defendant who wants to waive a jury could nevertheless be forced to endure one. But the statute says what it says, and mandamus is not the appropriate vehicle to second-guess our Legislature.

I would also note that the Court seems to hold that setting aside the punishment is the appropriate remedy for violating this statute. In *Ex parte Collier*, we held that the State's failure to sign the consent to a waiver of trial did not require setting aside the conviction.[5] We reasoned that even though there was not an actual written waiver, the record as a whole indicated that the State agreed with the defendant's waiver.[6] In doing so, we followed other precedent rejecting the argument that the lack of written consent to the defendant's waiver rendered the conviction void.[7] This would seem to undercut the Court's conclusion that a trial court lacks authority to dismiss a jury without a written waiver from the

---

[4] *Id.*

[5] *Ex parte Collier*, 614 S.W.2d 429, 434 (Tex. Crim. App. 1981).

[6] *Id.* at 433-34.

[7] *Id.* at 433 (examining *Gonzalez v. State*, 508 S.W.2d 388 (Tex. Crim. App. 1974)).

State.[8]

Ultimately, I am able to square our holding in *Collier* with today's holding because the Court seems to reject, albeit implicitly, the application of concepts such as preservation and harmless error to mandamus jurisprudence. Indeed, the bottom line in *Collier* was that the defendant had failed to show how he was harmed by the State's failure to sign the consent form.[9] Harm analysis is generally part and parcel to a direct appeal.[10] Mandamus, on the other hand, is not a substitute for appeal.[11] It is appropriate when direct appeal does not provide an adequate remedy.[12] So, it makes sense that we would not convert mandamus into an appeal by engaging in a harm analysis.

Similarly, preservation of error is also a creature of direct appeal.[13] Here, the State failed to complain about the trial court's dismissal of the

---

[8] In another context, it has been argued that the failure to comply with a mandatory statute does not require mandamus relief when the remedy is unclear. *See In re Carter*, 541 S.W.3d 743, 745 (Tex. Crim. App. 2017) (Yeary, J., dissenting). Nevertheless, I agree with the Court's holding because it implicitly rejects that argument.

[9] *Id.* at 434.

[10] *See* Tex. Code Crim. Proc. art. 44.2 ("Reversible Error in Criminal Cases").

[11] *See Bradley v. Miller*, 458 S.W.2d 673, 675 (Tex. Crim. App. 1970) ("[Mandamus] is not a substitute for and cannot be used to perform the office of an appeal.").

[12] *In re Medina*, 475 S.W.3d 291, 297-98 (Tex. Crim. App. 2015).

[13] *See* Tex. R. App. P. 33.1 ("Preservation; How Shown").

jury until it was too late. If the State had an adequate remedy through appeal, the lack of a timely objection might have factored into the analysis. But even though the State did not let the trial court know "what it wanted" at a time when the trial court was in a position to do something about it,[14] I agree with the Court that it does not foreclose mandamus relief.

With these thoughts I concur.

Filed: October 31, 2018

Publish

---

[14] *See Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).